NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0238n.06

No. 20-3101

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LUTHER JOHNSON,

  Plaintiff-Appellant,

v.

LISA PETERSON, Head Care Administrator at Allen Oakwood Institution in her individual capacities; Doctor OSCAR CATALDI, Lead Doctor at Allen Oakwood Correctional Institution in his individual capacities; Doctor CARLOS A. PEREZ, Lead Doctor at Allen Oakwood Correctional Institution in his individual capacities; ROBERT YOCHUM, Registered Nurse at Allen Oakwood Correctional Institution in his individual capacities,

  Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 11, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

---

**BEFORE:** STRANCH, LARSEN, and NALBANDIAN, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Plaintiff Luther Johnson, an inmate suffering from chronic Hepatitis C (HCV), appeals the district court's dismissal on the pleadings of his Eighth Amendment claims. Because the Ohio Department of Rehabilitation and Correction (ODRC) has implemented a new treatment protocol that may impact Johnson's claims, and because Defendants argue for the first time on appeal that they are entitled to qualified immunity, we **REMAND** this case to the district court for consideration of these issues in the first instance.

Johnson has suffered from HCV for over two decades. A 2007 biopsy of Johnson's liver revealed that he had stage one liver fibrosis and, following worsening symptoms and multiple grievances, a liver biopsy in 2016 showed that he had fatty liver disease and stage two fibrosis. According to Johnson, Defendants denied his requests to treat him with the recommended medication, because only inmates with stage three or higher fibrosis were eligible under ODRC's HCV treatment protocol.

Johnson's *pro se* suit alleging an Eighth Amendment violation, filed in February 2018, was dismissed on the pleadings in January 2020. Johnson appeals, and Defendants again raise their arguments on the pleadings and now argue they are entitled to qualified immunity.

During Johnson's proceedings below, another group of Ohio inmates filed a putative class action alleging that their Eighth Amendment rights were violated when they were denied HCV medication under Ohio's treatment policy. *See Mann v. Ohio Dep't of Rehab. & Corr.*, 814 F. App'x 134, 135 (6th Cir. 2020) (per curiam). Following dismissal of their claims, and during their appeal, ODRC modified its HCV treatment protocol, expanding eligibility for medication and providing medication to one of the plaintiffs, and Defendants raised qualified immunity for the first time. *See id.* In view of this "evolving setting," we decided in August 2020 to remand the case to the district court to "address these issues in the first instance." *Id.*

This case has unfolded in a very similar "evolving setting." *Id.* The parties agree that ODRC has modified its protocols for treating HCV, but the record does not contain information about the contours of the new protocol, how it may impact Johnson's eligibility for treatment, or the progression of Johnson's HCV after 2017. In addition, Defendants' asserted qualified immunity defense was briefed for the first time on appeal, so the district court has not had the opportunity to consider it. We therefore follow *Mann* and remand this case to the district court to

address, in the first instance, "whether qualified immunity bars [Johnson's] money-damages claims" and "whether the new prison policy otherwise alters the landscape of this litigation." *Id.* at 135–36. We "stand ready to entertain a second appeal," should the parties choose to appeal the district court's decision following remand. *Id.* at 136.